W. Willard **WIRTZ**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**MEADE MFG., INC.**, a Corporation, Defendant.

Civ. A. No. W–3769.

United States District Court
D. Kansas.

June 7, 1968.

B. Harper Barnes, Regional Atty., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Marvin J. Martin, of Martin, Wooley & Churchill, Wichita, Kan., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WESLEY E. BROWN, District Judge.

This cause coming on for hearing and the court having considered the pleadings, admissions, representations and stipulations of the parties and being fully informed in the premises, doth find the facts specially and state separately its conclusions of law thereon as follows.

### FINDINGS OF FACT

1. This is an action by W. Willard Wirtz, Secretary of Labor, United States Department of Labor, to enjoin defendant, Meade Mfg., Inc., a corporation, from violating the equal pay provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.).

2. Defendant is a Kansas corporation having its principal office and place of business in Meade, Kansas, where it is and at all times hereinafter mentioned was engaged in the manufacture of tractor cabs, combine cabs, riding mowers, pick-up campers and similar goods.

3. At all times hereinafter mentioned defendant employed many employees in the manufacture of tractor cabs, combine cabs, riding mowers, pick-up campers, etc., substantial quantities of which were shipped, delivered, transported and sold from defendant's aforesaid establishment to points outside the State of Kansas.

4. Defendant employed the employees named below in its aforesaid establishment at Meade, Kansas, for the periods, in the jobs and at the rates shown after their names:

| Name | Sex | Period of Employment | Job | Rate of Pay |
|---|---|---|---|---|
| Reynaldo Martinez | (M) | 9/20/65 to | Glass-Installer | $1.40 p/h |
| Elizabeth Adolph | (F) | 11/5/65 | (night shift) | $1.30 p/h |
| Reynaldo Martinez | (M) | 11/12/65 to | Glass-Installer | $1.40 p/h |
| Elizabeth Adolph | (F) | 12/31/65 | (night shift) | $1.35 p/h |
| David Smith | (M) | 11/29/65 to | Glass-Installer | $1.40 p/h |
| Grace Thompson | (F) | 12/3/65 | (day shift) | $1.30 p/h |
| David Smith | (M) | 12/4/65 to | Glass-Installer | $1.45 p/h |
| Grace Thompson | (F) | 12/31/65 | (day shift) | $1.40 p/h |
| Clarence Ballard | (M) | 9/27/65 to | Punch Press Operator | $1.55 p/h |
| Helen Rule | (F) | 10/22/65 | (night shift) | $1.30 p/h |
| Cecil Overbay | (M) | 12/4/65 to | Aluminum Welder | $1.65 p/h |
| Helen Rule | (F) | 12/31/65 | (night shift) | $1.40 p/h |

5. During the period from September 20, 1965, to December 31, 1965, Reynaldo Martinez and Elizabeth Adolph performed substantially the same work under similar working conditions, except that three or four times a week Reynaldo Martinez lifted heavier glass than Elizabeth Adolph.

6. During the period from November 29, 1965, to December 31, 1965, David Smith and Grace Thompson performed substantially the same work under similar working conditions, except that David Smith occasionally helped to cut glass and several times a week helped to stack glass, which latter duty involved lifting weights of as much as 90 pounds.

7. During the period from September 27, 1965, to October 22, 1965, Clarence Ballard and Helen Rule performed substantially the same work under similar working conditions.

8. During the period from December 4, 1964, to December 31, 1965, Cecil Overbay and Helen Rule performed substantially the same work under similar working conditions.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and of the subject matter of this action.

2. Defendant is and at all times mentioned herein was an employer having employees subject to section 6 of the Act.

■■ 3. Defendant has violated the provisions of sections 6(d) and 15(a) (2) of the Act by discriminating, within its aforesaid establishment, between employees on the basis of sex by paying wages to employees in such establishment at rates less than the rates at which it paid wages to employees of the opposite sex in such establishment for substantially equal work on jobs the performance of which required substantially equal skill, effort and responsibility, and which were performed under similar working conditions. The occasional performance of duties requiring greater physical exertion does not render jobs unequal which are otherwise equal.

■ 4. The last rate which defendant paid to each of the men as shown in Findings of Fact No. 4 was thereby established as the minimum rate which defendant was legally obligated to pay women under sections 6(d) and 15(a) (2) for performing substantially the same job under similar working conditions in the same establishment.

5. As a result of the aforesaid violations of sections 6(d) and 15(a) (2) of the Act by defendant, unpaid wages are due and owing from defendant to the following employees in the amounts and for the periods indicated after their names:

| Name | Workweeks Ending | Amount Due |
| --- | --- | --- |
| Elizabeth Adolph | 10/1/65 to 12/31/65 | $ 65.54 |
| Helen Rule | 10/8/65 to 12/31/65 | 76.06 |
| Grace Thompson | 12/8/65 to 12/31/65 | 25.81 |
| | | $167.41 |

6. By the stipulation such unpaid wages have been paid in full.